J1u1bard

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BARBOUR INC., et al.,

              Plaintiffs,

         v.                              18 Civ. 5195 (LAP)

LEVI STRAUSS & CO.,

              Defendant.                 Decision

------------------------------x
                                         New York, N.Y.
                                         January 30, 2019
                                         3:07 p.m.
Before:

                  HON. LORETTA A. PRESKA,

                                         District Judge

                        APPEARANCES

DORSEY & WHITNEY LLP
     Attorneys for Plaintiffs
BY:  MICHAEL KEYES, ESQ.
     BRUCE R. EWING, ESQ.

KILPATRICK TOWNSEND & STOCKTON LLP
     Attorneys for Defendant
BY:  RYAN BRICKER, ESQ.
```

1      THE COURT:  We're here today on defendant Levi Strauss
2 & Co.'s motion to dismiss the complaint or in the alternative
3 transfer venue.
4      Just summarizing the facts briefly, the case arises
5 out of Barbour's use of a tab, a little label hanging off a
6 pocket, which Levi claims it has been using for 125 years and
7 that Barbour's use of that tab infringes on Levi's trademarks.
8 Levi's wrote to Barbour on or about May 22, 2018, complaining
9 about the alleged infringement, asking that Barbour cease and
10 desist.  It gave a deadline for a response.
11      The day before the response was due, Barbour asked for
12 a deadline, saying, "We are treating this matter seriously, and
13 in order for Barbour to investigate your claims and reply
14 substantively, we would appreciate your agreement to an
15 extension to respond by Monday, 11 June 2018."
16      Lo and behold, two days before the extension was to
17 expire, without any further communication, Barbour sued Levi in
18 the Southern District of New York on June 9, 2018.
19      Counsel for Levi has argued that the Court should
20 decline to exercise jurisdiction over Barbour's declaratory
21 judgment action and dismiss the case in favor of the San
22 Francisco action, which was filed shortly thereafter.
23      As counsel have pointed out in the papers, the Court
24 has no obligation to entertain Barbour's request for a
25 declaratory judgment under the act because jurisdiction under

the federal Declaratory Judgment Act is discretionary.

As the Supreme Court said in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), "In the declaratory judgment context, the normal principles that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  To the same effect is *Revise Clothing, Inc. v. Levi Strauss & Co.,* No. 10 Civ. 5843 (DAB), 2010 WL 4964099 at *4 (S.D.N.Y. December 6, 2010).

In particular, courts will decline jurisdiction over declaratory judgment actions where it appears that the action was motivated by litigation tactics.  *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978); overruled on other grounds by *Pirone v. Macmillan, Inc.*, 894 F.2d 579 (2d Cir. 1990).

Here, if we were to look at the first filed rule, Barbour's priority in filing is fairly trivial.  It's I think three or four days.  And as we know, a court is not required to give priority to the first filed action where the difference in filing date is *de minimis*.  *Elbex Video Ltd. v. Tecton Ltd.*, No. 00 Civ. 673, 2000 WL 1708189, at *3 (S.D.N.Y. November 15, 2000).  ("When the filing date difference between the two parallel actions is *de minimis*, the court has the discretion to disregard the first filed action altogether.")  Here, as I noted, Levi's action was filed three business days after

1    Barbour filed its complaint in this court.  Accordingly, I take
2    that factor into account.
3             Counsel and I have had a long conversation this
4    afternoon about whether or not Barbour's filing in this
5    district constituted an improper anticipatory filing.
6    Anticipatory filings are improper and authorize the court to
7    depart from the rule that the first filed action should
8    proceed.  *Schnabel v. Ramsey Quantitative Systems*, *Inc.*,
9    322 F.Supp.2d 505, 511-12 (S.D.N.Y. 2004).  When a party's
10   cease and desist letter provides notice of plans to file a
11   coercive lawsuit and the opponent thereafter preemptively files
12   a declaratory judgment action, the first filed action is an
13   anticipatory filing.  *Factors Etc.*, 579 F.2d at 219.
14            Here, we had conversation about whether the letter
15   sent by Levi's to Barbour in fact gave Barbour notice of Levi's
16   intention to file the lawsuit, and we've compared the letters
17   sent by Levi in the *Revise Clothing* case to this case.
18   Unsurprisingly, the letters are virtually identical.  So the
19   Court agrees with the court in *Revise Clothing* that the letter
20   sent here was sufficient to inform Barbour of Levi's intention
21   to file a coercive lawsuit.
22            In discussions with counsel, we've discussed the fact
23   that in *Revise Clothing*, declaratory judgment plaintiff there
24   reiterated its request for more time and reiterated its request
25   to investigate and the like.  But in my view, the fact that

1   Barbour made one request for an extension in order to
2   investigate rather than two or three is really of no moment.
3   Here, just like the letter in *Revise Clothing*, Levi's warned
4   that the alleged infringement "may give rise to claims for
5   trademark infringement and dilution that would entitle [Levi's]
6   to injunctive relief and monetary damages against Revise."
7   This was the Revise letter.  The letter here is, in all
8   respects, identical.
9         I also note that in our case, Barbour has alleged that
10  Levi's is a well-known trademark "bully."  In my view, this
11  also confirms that Barbour understood the letter to threaten
12  litigation.
13        I also note, as other courts have, that an
14  anticipatory action also interferes with the general rule that
15  a natural plaintiff can make coercive actions.  Particularly in
16  an infringement case, it is entitled to deference to its choice
17  of forum.  "Case law suggests that there is a 'general policy
18  that a party whose rights are being infringed should have the
19  privilege of electing where to enforce its rights.'"  *Mill*
20  *Creek Press, Inc. v. The Thomas Kinkade Co.*, No. Civ.
21  3:04-CV-1213-G, 2004 WL 2607987 at *7.  (N.D. Tex., Nov. 16,
22  2004) (citing *Texas Instruments, Inc. v. Micron Semiconductor,*
23  *Inc.*, 815 F.Supp. 994, 997 (E.D. Tex. 1993)).
24        We have also had lengthy conversations today about
25  whether or not the sending of a cease and desist letter makes

any subsequent declaratory judgment action null and void.  In looking at the cases and in discussing with counsel the general law surrounding declaratory judgment actions, the division I see is that if the declaratory action is filed before the expiration of the extension of time that the recipient of the cease and desist letter requested, that pretty much does indicate that the filing of the declaratory judgment was an improper anticipatory filing.  On the other hand, if, for example, there were no time limits set or, even if there were time limits, an inordinate amount of time passed after the expiration of the time limit, under those circumstances, the declaratory judgment action would, in my view, speaking in dictum here, not be an inappropriate anticipatory filing but rather a filing consistent with the purpose of the Declaratory Judgment Act -- that is, a request by the natural defendant to have its rights declared and to get itself out of limbo.

In this case, however, where the anticipatory action was filed before the expiration of the time extension requested by Barbour, in my view the filing was an improper anticipatory filing.  As the *Mondo* court told us, where the declaratory judgment and the coercive actions are mirrors of one another and the declaratory judgment action is anticipatory, the proper course is to dismiss the complaint.  *Mondo, Inc. v. Spitz*, 97 Civ. 4822, 1998 WL 17744 at *3 (S.D.N.Y. 1998).

Accordingly, the action is dismissed in favor of the

1  California action.
2              In light of the dismissal on these grounds, it's not
3  necessary to get to the motion to transfer, and accordingly,
4  that motion is denied as moot.
5              Anything else today, counsel?
6              MR. KEYES:  Nothing further, your Honor.
7              MR. BRICKER:  No.  Nothing further, your Honor.
8              THE COURT:  Thank you, gentlemen.  Nice to see you
9  all.
10             And you know how to order the transcript from the
11 reporter.
12             MR. KEYES:  Yes.  Thank you.
13                              o0o